UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00211-MOC

| ROBERT E. BAKER, | ) |  |
|---|---|---|
|  | ) |  |
| **Plaintiff,** | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| DENNIS J. BAUMAN, | ) |  |
|  | ) |  |
| **Defendant.** | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e)(2) and 1915A [Docs. 1, 6]. Plaintiff is proceeding in forma pauperis. [Docs. 2, 9].

I. **BACKGROUND**

Pro se Plaintiff Robert E. Baker ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action on December 27, 2023, pursuant to 42 U.S.C. § 1983, naming Dennis J. Bauman, M.D., identified as a physician at UNC Memorial Hospital (the "Hospital") in Chapel Hill, North Carolina, as the sole Defendant.[1] [Doc. 1]. Plaintiff alleges as follows.

In September and October of some unidentified year, Plaintiff went to the Hospital and Defendant Bauman ordered that a stint be placed in Plaintiff's heart. [Doc. 6 at 3]. On November 2, 2021, in a follow up visit, Defendant Bauman told Plaintiff that the dye used for the stint surgery to place the stint in Plaintiff's heart caused damage to Plaintiff's kidney and had formed a cyst on

---

[1] On January 16, 2024, Plaintiff filed a "Trial Book Brief," which it appears Plaintiff intends to be a jury argument in support of his claim. [Doc. 6]. Although highly premature and improperly formed, the Court will nonetheless construe this document as an Addendum to Plaintiff's Complaint.

his kidney. Doctors at Plaintiff's subsequent appointments at the Hospital have told Plaintiff that the cyst "could, possiblee, turn to cancer!!" [Id. (errors uncorrected)]. Plaintiff takes medication "for this problem" and is scheduled to see a specialist every 90 days to monitor him. [Id.].

Plaintiff alleges that Defendant Bauman acted under color of state law by "taking care of a Department of Adult Corrections inmate!! And order[ed] the stint procedure." [Doc. 1 at 2]. Plaintiff claims that Defendant Bauman violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution and Section 19 of the North Carolina Constitution. [Id. at 3]. In the Addendum, Plaintiff also appears to claim negligence and/or medical malpractice. [See Doc. 6 at 4, 6]. For injuries, Plaintiff claims that the dye caused a cyst on his kidney that could "very well, turn into cancer." [Doc. 1 at 3]. Plaintiff seeks monetary relief only. [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.

Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023). Because Plaintiff's allegations do not implicate the Fourteenth Amendment, the Court will address them under the Eighth Amendment only.

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). See also Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106. The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Stokes v. Hurdle, 393 F. Supp. 757, 763 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are

alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985)

"To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Plaintiff's Complaint fails initial review. Plaintiff allegations here suggest that the kidney cyst is a known potential complication from the dye used during (and necessary for) the stint procedure. While suffering such a complication is certainly unfortunate, Plaintiff's allegations fail to even suggest that Defendant Bauman was negligent in his performance of the stint procedure. Even if he were negligent, such a claim is not cognizable under § 1983. See Estelle, 429 U.S. at 106. Moreover, it does not appear that Defendant Bauman is a state actor subject to liability under § 1983 in any event. That is, contrary to Plaintiff's allegation, Defendant Bauman is not a state actor simply because he provides medical treatment to a state prisoner. See West v. Atkins, 487 U.S. 42, 49-54, 108 S.Ct. 2250 (1988). The Court, therefore, will dismiss Plaintiff's Eighth Amendment claim against Defendant Bauman.

To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review. See Artis v. Dist. Of Columbia, 138 S.Ct. 594, 595 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, those claims are dismissed without prejudice.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim upon which relief may be granted and Plaintiff's Complaint will be dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses and if the facts support such amendment. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED** without prejudice.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

**IT IS SO ORDERED**.

Signed: February 12, 2024

Max O. Cogburn Jr.
United States District Judge