UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00211-MOC

| ROBERT E. BAKER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| DENNIS J. BAUMAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Voluntary Dismissal and for Return of Filing Fee. [Doc. 12].

Pro se Plaintiff Robert E. Baker ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Alexander Correctional Institution ("Alexander") in Taylorsville, North Carolina. He filed this action on December 27, 2023, pursuant to 42 U.S.C. § 1983, naming Dennis J. Bauman, M.D., identified as a physician at UNC Memorial Hospital (the "Hospital") in Chapel Hill, North Carolina, as the sole Defendant. [Doc. 1]. Plaintiff sought to proceed in forma pauperis, and the Clerk waived payment of the initial partial filing fee and directed Plaintiff's correctional facility to transmit partial payments in accordance with that Order. [Docs. 2, 9; see 2/21/2024 Text Order].

Plaintiff alleged that Defendant Bauman ordered that a stent be placed in Plaintiff's heart and that the dye used for the procedure caused damage to Plaintiff's kidney. [Id.]. Plaintiff alleged that Defendant Bauman acted under color of state law by "taking care of a Department of Adult Corrections inmate!! And order[ed] the stint [*sic*] procedure." [Doc. 1 at 2]. Plaintiff claimed that Defendant Bauman violated his rights under the Eighth and Fourteenth Amendments to the United

States Constitution and Section 19 of the North Carolina Constitution and is liable for negligence and/or medical malpractice. [Id. at 3; see Doc. 6 at 4, 6]. Plaintiff's Complaint failed initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A because Plaintiff failed to state a claim under § 1983, because it did not appear that Defendant Bauman is a state actor subject to liability under § 1983 in any event, and because the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims because no federal claim passed initial review. [Doc. 10]. The Court allowed Plaintiff 30 days to amend his Complaint if the facts supported such amendment. [Id. at 5].

Now before the Court is Plaintiff's motion to voluntarily dismiss this action and for return of his filing fee. [Doc. 12]. In his motion, Plaintiff states, "I went and done my homework" since the Court dismissed his Complaint on initial review and understands that "no [matter] how many times, I try to amend this case, Dr. Bauman, will never be a state actor." [Id. (errors uncorrected)]. He states, "I will never go Forward in your court system, correct? So I wish to be dismissed out of your court, so I can file in the state court[.]" [Id. (errors uncorrected)]. The Court will grant Plaintiff's motion to dismiss without prejudice under these circumstances. See Fed. R. Civ. P. 41(a)(2).

Plaintiff also asks that he not be charged the filing fee in this matter and that the Court return the $50.00 deducted from his prison trust account toward the filing fee so far. [Id.]. As grounds, Plaintiff states that he is "a Layman at Law, and misunderstood the court Rules!!" [Id.]. The Court will deny Plaintiff's filing fee motion. A filing fee is exactly that – a fee for filing a complaint. Paying the filing fee (or being allowed to proceed without the prepayment of the filing fee) does not guarantee any particular result. It is merely required when a civil complaint is filed in this Court. See LCvR 3.1. After Plaintiff's fee was received, the Court conducted its initial

2

review, dismissed Plaintiff's Complaint, and allowed him the opportunity to amend his Complaint to state a claim for relief. Local Rule 3.1(e) allows for the refund of fees only when payment was made in error or "at the direction of the Court." LCvR 3.1(e)(2). The Court declines to direct that Plaintiff's filing fee be returned under the circumstances here.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Voluntary Dismissal [Doc. 12] is **GRANTED** and this action is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Return of Filing Fee [Doc. 12] is **DENIED**.

The Clerk is respectfully instructed to terminate this action.

Signed: March 20, 2024

Max O. Cogburn Jr.
United States District Judge